UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL No.
20-10004-DJC

UNITED STATES OF AMERICA

v.

NIEVES GUZMAN

**MEMORANDUM OF DECISION AND ORDER ON**
**GOVERNMENT'S MOTION TO RECONSIDER DETENTION**

February 25, 2020

DEIN, M.J.

This matter is before the court on the government's motion to re-consider the court's decision to release the defendant Nieves Guzman on conditions pending trial. (Docket No. 42). For the reasons detailed herein, the motion is ALLOWED. The defendant Nieves Guzman shall be detained pending trial as the government has established, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. See 18 U.S.C. § 3142(e).

As detailed in the government's motion, the facts of which are incorporated herein, after agreeing to voluntary detention pending trial, on January 16, 2020 the parties agreed to conditions of release, which were adopted by the court. (Docket Nos. 38, 39). Ms. Guzman was released on the condition that, *inter alia*, she not obtain any international travel documents, her travel was restricted to the Commonwealth of Massachusetts, and she was placed on a curfew and electronic monitoring. (Docket No. 39). Ms. Guzman, a citizen of the Dominican Republic with no lawful status in the United States, was immediately taken into ICE custody. On February 6, 2020, Ms. Guzman had her initial hearing before an immigration judge. At that hearing, she requested a voluntary departure, which would allow her to arrange for her own travel back to the Dominican Republic. While the ALJ denied this request, Ms.

Guzman was ordered removed and a final order of removal was issued.  In light of the likelihood that the defendant would be deported imminently, the government filed the instant motion to reconsider.  The defendant was brought before this court by a writ of habeas corpus ad prosequendum.

The government does not dispute that ICE has the authority to detain a defendant who has been released by this court on conditions pending trial.  See United States v. Vasquez-Benitez, 919 F.3d 546, 552 (D.D.C. 2019) ("Detention of a criminal defendant pending trial pursuant to the BRA and detention of a removable alien pursuant to the INA are separate functions that serve separate purposes and are performed by different authorities.").  Similarly, the parties assume that, absent any order of this court, ICE may deport the defendant despite the pendency of this action.  See United States v. Alzerei, No. 19-10124-DJC, 2019 WL 2642824, *3-4 (D. Mass. June 27, 2019) (the risk that the defendant may be removed from the United States by ICE before a criminal prosecution is concluded "is not barred by the BRA or any intersection with the INA.")  The government does argue, however, that the situation has changed in that Ms. Guzman has indicated an intention not to appear for trial by seeking a voluntary departure.  This court agrees.

When the initial decision whether to release Ms. Guzman was being made, the question whether ICE would release her on conditions, or whether the immigration judge would order her removal, was mere speculation.  Therefore, this court, like many others, would not have based an order of detention on the outcome of speculative immigration proceedings.  See United States v. Campos, Cr. No. 2:10-MJ-6-SRW, 2010 WL 454903, at *4 (M.D. Ala. Feb. 10, 2010) (and cases cited).  Courts are divided on whether a strong likelihood of deportation should be a critical factor in deciding whether there are conditions that can be set which would reasonably insure the defendant's appearance at trial.  See, e.g., United States v. Pimentel-Ramirez, Cr. No. 19-00744(RAM), 2019 WL 6879332, *4 (D. P.R. Dec. 17, 2019) (possibility of deportation considered among other factors in determining that pre-trial detention was warranted), app. filed Jan. 14, 2020; United States v. Barrera-Omana, 638 F. Supp. 2d 1108, 1111-12 (D.

Minn. 2009) (court will not consider possibility of detention in making detention decision: "It is not appropriate for an Article III judge to resolve Executive Branch turf battles."). Given the unique facts of this case, this court does not need to wade into this dispute, and elects not to do so.[1]

Despite having convinced the court that the defendant intended to appear at trial, the defendant instead attempted to obtain a voluntary departure from the United States. She has expressed a clear intention to avoid her criminal case if at all possible. Under such circumstances, this court finds that the government has established, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. See 18 U.S.C. § 3142(e).

## ORDER

The government's "Motion to Reconsider Detention Based on Changed Circumstances" (Docket No. 42) is ALLOWED. The defendant is hereby ordered detained pending trial. In addition, at Probation's suggestion, Probation is ordered to return the defendant's previously forfeited foreign passport to defendant's counsel, who may return it to the defendant's family for safekeeping pending her release.

                                                       / s / Judith Gail Dein
                                                       JUDITH GAIL DEIN
                                                       UNITED STATES MAGISTRATE JUDGE

---

[1] This court does note that knowingly allowing a defendant to be deported in lieu of standing trial for a serious drug conspiracy seems to give an undocumented alien an unintended benefit over others charged in the same conspiracy. See United States v. Campos, 2010 WL 454903, at *5.